OP 07-0576

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 20

FRANK S. VAN DER HULE,

      Plaintiff,

  v.

MICHAEL B. MUKASEY, Attorney General
of the United States of America,

      Defendant.

| | |
|---|---|
| APPEAL FROM: | Certified Question, United States District Court<br>District of Montana, Missoula Division<br>The Honorable Donald W. Molloy, Presiding Judge |

COUNSEL OF RECORD:

      For Plaintiff:

            Quentin M. Rhoades, Sullivan, Tabaracci & Rhoades, P.C.,
            Missoula, Montana

      For Defendant:

            Mark B. Stern, Christopher J. Walker, Department of Justice,
            Washington, D.C.

            William W. Mercer, U.S. Attorney, George F. Darragh, Jr., Assistant
            U.S. Attorney, Great Falls, Montana

Submitted on Briefs:  May 28, 2008

Decided:  January 27, 2009

Filed:

_____
                       Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     The United States District Court for the District of Montana has certified the following question to this Court pursuant to M. R. App. P. 15:

> Does § 45-8-321, MCA, prohibit a county sheriff from issuing a concealed weapon permit to a person described in subsection (1)(c) of the statute, or does a sheriff have discretion to issue a permit to a person falling within that category?

We accepted the certified question by order dated October 10, 2007. For the reasons set forth below, we conclude § 45-8-321, MCA, prohibits a county sheriff from issuing a concealed weapon permit to a person described in subsection (1)(c) of the statute.

## BACKGROUND

¶2     On September 20, 1983, Frank S. Van der hule pled guilty in Montana state court to one count of sexual assault in violation of § 45-5-502(1) and (3), MCA, and four counts of sexual intercourse without consent in violation of § 45-5-503(1) and (3), MCA. Under Montana law, both crimes are felonies punishable by imprisonment for a term of not less than four years. Van der hule was sentenced to twenty-five years' imprisonment. He was paroled in 1993 and, on September 30, 1999, he received a "Final Discharge" notice from the Montana Board of Pardons and Parole stating his "civil rights are restored."

¶3     On July 28, 2003, Van der hule attempted to purchase a firearm from a federal firearms licensee in Montana. The licensee collected identifying information from Van der hule and submitted it to the National Instant Criminal Background Check System (NICS) as required by the Brady Handgun Violence Prevention Act of 1993. The FBI,

2

which manages the NICS, performed a background check which revealed Van der hule's Montana state convictions for sexual assault and sexual intercourse without consent. Based on those convictions, the FBI determined Van der hule was prohibited from obtaining a concealed weapon permit under § 45-8-321(1)(c), MCA. Relying on *Caron v. United States*, 524 U.S. 308, 310, 118 S. Ct. 2007, 2010 (1998), the FBI further determined that, under federal law, Montana's restriction on Van der hule's right to obtain a concealed weapon permit prevents him from possessing any type of firearm. The FBI refused to approve Van der hule's purchase of a firearm, and Van der hule appealed that decision. On November 19, 2003, the FBI issued a final decision denying Van der hule approval to purchase a firearm.

¶4 Van der hule then filed an action in the United States District Court for the District of Montana, Missoula Division, seeking declaratory relief and challenging the FBI's denial of approval of his purchase of a firearm. That court granted summary judgment in favor of the defendant Attorney General of the United States on all issues except the question it has certified to us. The federal court further determined no state appellate decision clearly controls the question it has certified, which is determinative of the issue remaining before that court.

## DISCUSSION

¶5 *Does § 45-8-321, MCA, prohibit a county sheriff from issuing a concealed weapon permit to a person described in subsection (1)(c) of the statute, or does a sheriff have discretion to issue a permit to a person falling within that category?*

¶6 Before we begin our discussion of the certified question, we note that, in his brief to this Court, Van der hule argues that the term "convicted" in § 45-8-321, MCA, does

3

not apply to persons whose sentences have expired and whose civil rights have been restored, and that the concealed weapon statute, if interpreted as argued by the Attorney General, violates the provision of Montana Constitution Article II, Section 28, that "[f]ull rights are restored by termination of state supervision for any offense against the state." The federal district court has rejected both of these arguments. The court granted summary judgment in favor of the Attorney General on all issues except the question it has certified to this Court. It has not asked us to address these issues, nor have we agreed to expand the scope of the certified question. As a result, we decline to consider the additional arguments made by Van der hule in his brief to this Court.

¶7 Montana's law concerning the issuance of permits to carry a concealed weapon is codified at § 45-8-321, MCA. At subsection (1), that statute provides "[a] county sheriff shall, within 60 days after the filing of an application, issue a permit to carry a concealed weapon to the applicant." The statute qualifies that directive, however, with several requirements and restrictions. An applicant for a concealed weapon permit must be a United States citizen, must have been a state resident for at least six months, must be at least eighteen years old, and must present some form of state-issued photo identification card. Section 45-8-321(1), MCA.

¶8 In the part of the statute at issue here, § 45-8-321(1), MCA, further provides that, except as provided in subsection (2), a concealed weapon permit "may not be denied an applicant unless" the applicant:

> (a) is ineligible under Montana or federal law to own, possess, or receive a firearm;

4

(b) has been charged and is awaiting judgment in any state of a state or federal crime that is punishable by incarceration for 1 year or more;

(c) has been convicted in any state or federal court of a crime punishable by more than 1 year of incarceration or, regardless of the sentence that may be imposed, a crime that includes as an element of the crime an act, attempted act, or threat of intentional homicide, violence, bodily or serious bodily harm, unlawful restraint, sexual abuse, or sexual intercourse or contact without consent;

(d) has been convicted under 45-8-327 or 45-8-328, unless the applicant has been pardoned or 5 years have elapsed since the date of the conviction;

(e) has a warrant of any state or the federal government out for the applicant's arrest;

(f) has been adjudicated in a criminal or civil proceeding in any state or federal court to be an unlawful user of an intoxicating substance and is under a court order of imprisonment or other incarceration, probation, suspended or deferred imposition of sentence, treatment or education, or other conditions of release or is otherwise under state supervision;

(g) has been adjudicated in a criminal or civil proceeding in any state or federal court to be mentally ill, mentally defective, or mentally disabled and is still subject to a disposition order of that court; or

(h) was dishonorably discharged from the United States armed forces.

Then, in subsection (2) of the statute, a sheriff is granted discretion to deny a concealed weapon permit to an applicant based on "reasonable cause" to believe the applicant is "mentally ill, mentally defective, or mentally disabled or otherwise may be a threat to the peace and good order of the community." Section 45-8-321(2), MCA. Finally, an applicant "must, as a condition to issuance of the permit, be required by the sheriff to demonstrate familiarity with a firearm." Section 45-8-321(3), MCA.

¶9 As indicated above, the FBI relied on § 45-8-321(1)(c), MCA, in concluding a Montana county sheriff may not issue Van der hule a concealed weapon permit, because

5

Van der hule's prior criminal convictions were punishable by more than one year in prison and included sexual abuse and sexual intercourse without consent. Van der hule contends, however, that § 45-8-321(1), MCA, allows the county sheriff to make case-by-case determinations about issuing concealed weapon permits to persons who fall within any of the eight categories enumerated in subsections (a) through (h) therein. He supports his argument by asserting the word "may" in the statutory phrase "may not be denied an applicant unless" is permissive.

¶10 The rules of statutory construction require our construction of a statute to account for the statute's text, language, structure, and object. Pursuant to § 1-2-102, MCA, our purpose in construing a statute is to ascertain the legislature's intent and to give effect to the legislative will. Legislative intent is to be ascertained, in the first instance, from the plain meaning of the words used—our inquiry must begin with the words of the statute themselves. *State v. Heath*, 2004 MT 126, ¶¶ 24-25, 321 Mont. 280, 90 P.3d 426. Further, statutory construction should not lead to an absurd result if a reasonable interpretation can avoid it. *State v. Letasky*, 2007 MT 51, ¶ 11, 336 Mont. 178, ¶ 11, 152 P.3d 1288, ¶ 11.

¶11 While it is true, as Van der hule points out, that the word "may" generally designates discretionary conduct, *see e.g. Gaustad v. City of Columbus*, 265 Mont. 379, 381, 877 P.2d 470, 471 (1994), it is also true, as the Attorney General points out, that courts that have construed legislative use of the phrase "may not" have consistently held that the phrase is mandatory. *See Stringer v. Realty Unlimited, Inc.*, 97 S.W.3d 446, 448 (Ky. 2003). Moreover, the statutory phrase used in § 45-8-321(1), MCA, is not simply

6

"may" or "may not," but "may not be denied an applicant unless." Ultimately, neither the definition of "may" nor the definition of "may not" is very helpful in this context.

¶12 We turn, then, to the larger structure of the statute. The first category of persons listed under § 45-8-321(1)(a) through (h), MCA, consists of individuals who are "ineligible under Montana or federal law to own, possess, or receive a firearm." Section 45-8-321(1)(a), MCA. To interpret the statute as Van der hule suggests would mean the legislature intended to allow a sheriff discretion to issue a concealed weapon permit to an individual who is legally ineligible to own, possess, or receive any firearm—a nonsensical result. It would be similarly nonsensical to interpret the statute as granting a sheriff discretionary authority to issue a concealed weapon permit to a person who has been charged with and is awaiting judgment on a crime punishable by incarceration for one year or more—§ 45-8-321(1)(b), MCA; a person who has a warrant out for their arrest—§ 45-8-321(1)(e), MCA; or a person who has been adjudicated mentally ill, mentally defective, or mentally disabled and remains subject to a disposition order on those grounds—§ 45-8-321(1)(g), MCA. As indicated above, an interpretation of a statute which would lead to absurd results should be avoided when an alternative reasonable explanation can be given. *Letasky*, ¶ 11.

¶13 Additionally, we note that subsection (2) of § 45-8-321, MCA, clearly vests a Montana county sheriff with discretion to deny a concealed weapon permit to a person the sheriff reasonably believes to be mentally ill, mentally defective, mentally disabled or a threat to peace and order. Had the Montana legislature also intended to make issuance of a concealed weapon permit discretionary for the categories enumerated in subsection

7

(1)(a) through (h) of the statute, it could have either combined subsections (1) and (2) or, at least, used the same language in both subsections to indicate they were to be interpreted similarly. The legislature did not do either of those things.

¶14 We conclude, based on the language and structure of § 45-8-321, MCA, that the eight categories listed under subsection (1)(a) through (h) describe applicants to whom issuance of a concealed weapon permit is prohibited. Having made that determination based on the plain language of the statute, we need not go on to employ other methods of statutory interpretation.

¶15 Our answer to the certified question is that § 45-8-321, MCA, prohibits a county sheriff from issuing a concealed weapon permit to a person described in subsection (1)(c) of the statute.

/S/ JAMES C. NELSON

We Concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE