# FILED

May 11 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0467

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 106

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JOSEPH STANCZAK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 08-62
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Joseph P. Howard, P.C., Attorney at Law; Great Falls, Montana

      For Appellee:

        Hon. Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General; Helena, Montana

        Mitch Young, Lake County Attorney; J. Cory Allen, Deputy County
Attorney; Polson, Montana

Submitted on Briefs: March 31, 2010

Decided: May 11, 2010

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1   Joseph Stanczak (Stanczak) was tried and convicted in the District Court for the Twentieth Judicial District, Lake County, of driving under the influence of alcohol in violation of § 61-8-401(1)(a), MCA. He appeals and we affirm.

¶2   *1. Did the District Court err by instructing the jury that Stanczak had no right to consult with an attorney before performing a field sobriety test?*

¶3   *2. Did the District Court err by instructing the jury that it could infer Stanczak was under the influence of alcohol because he refused to perform a field sobriety tests before consulting with an attorney?*

## PROCEDURAL AND FACTUAL BACKGROUND

¶4   On the evening of March 31, 2008, Montana Highway Patrolman Chris Hoyt (Trooper Hoyt) responded to a single vehicle crash. After a brief investigation, Trooper Hoyt identified the driver as Joseph Stanczak, placed him under arrest for suspicion of DUI and transported him to the Lake County Detention Center for further DUI investigation. Upon arrival at the Detention Center, and throughout the DUI processing, Stanczak repeatedly requested the presence of counsel before he would engage in field sobriety tests. Nevertheless, Hoyt insisted that Stanczak perform the "walk and turn" maneuver, which he did with mixed results, as well as the horizontal gaze nystagmus test and the "one leg stand" (collectively "field sobriety tests"), both of which Stanczak refused to perform without a lawyer present. Stanczak also refused to submit a breath sample without consulting an attorney. Ultimately, Hoyt charged Stanczak with DUI based on the report that Stanczak was driving erratically and Hoyt's observations that Stanczak was unsteady on his feet, emitted the odor of an alcoholic

beverage, had glassy eyes, slurred speech, performed poorly on the "walk and turn" test, and refused to submit a breath sample.

¶5    At trial, the State proposed five jury instructions, which were later given as Jury Instructions Nos. 9-13. After Stanczak objected, the District Court amended Jury Instruction No. 13 and provided it to the jury as follows:

> You are instructed that if a person under arrest for the offense of driving under the influence of alcohol refuses to submit to a test which detects the presence of alcohol, proof of that refusal is admissible in a trial of that offense. The jury may infer from the refusal that the person was under the influence. That inference is rebuttable.

At the close of evidence, the State proposed an additional instruction, which was given as Jury Instruction No. 14 and stated:

> In Montana, a defendant has no right to speak with an attorney before a sobriety test or to have an attorney present during a test. He must decide whether to submit to a [blood alcohol test] BAC test before he has the right to an attorney. A continual request to speak to an attorney before submitting to a BAC test is deemed a refusal to take the test.

Stanczak objected to this instruction's reference to a "sobriety test," arguing that a defendant has a right to consult with an attorney before submitting to a field sobriety test. The District Court overruled Stanczak's objection and the jury found him guilty of driving under the influence of alcohol in violation of § 61-8-401(1)(a), MCA. Stanczak appeals.

## STANDARD OF REVIEW

¶6    This Court reviews jury instructions in a criminal case to determine whether, as a whole, they fully and fairly instruct the jury on the law applicable to the case. *State v.*

3

*Michaud*, 2008 MT 88, ¶ 16, 342 Mont. 244, 180 P.3d 636. Recognizing that the district courts have broad discretion in instructing the jury, we review a district court's decision regarding jury instructions for an abuse of discretion. *State v. Field*, 2005 MT 181, ¶ 16, 328 Mont. 26, 116 P.3d 813.

**DISCUSSION**

¶7     *1. Did the District Court err by instructing the jury that Stanczak had no right to consult with an attorney before performing a field sobriety test?*

¶8     Stanczak argues that Jury Instruction No. 14 did not, as a whole, correctly instruct the jury on the applicable law. While conceding that he did not have the right to consult with counsel prior to submitting a breath sample, Stanczak argues he had the right to consult with counsel prior to performing the field sobriety tests.

¶9     A defendant's right to counsel in a custodial interrogation derives from the defendant's right against compelled self-incrimination under the Fifth Amendment to the United States Constitution and Article II, Section 25 of the Montana Constitution. *State v. Van Kirk*, 2001 MT 184, ¶ 21, 306 Mont. 215, 32 P.3d 735. We noted in *Van Kirk* that this right applies only to custodial interrogation and that "[a] mere request that the suspect perform a series of sobriety tests, done without any interrogation of the suspect, does not constitute a custodial interrogation." *Van Kirk*, ¶ 22.

¶10     Trooper Hoyt merely requested that Stanczak perform field sobriety tests, without conducting an interrogation. Therefore, as explained in *Van Kirk*, there was no custodial interrogation and Stanczak had no constitutional right to obtain counsel before completing the tests. Accordingly, the District Court's instruction that "a defendant has

4

no right to speak with an attorney before a sobriety test or to have an attorney present during a test" fully and fairly instructed the jury on the applicable law.

¶11 **_2. Did the District Court err by instructing the jury that it could infer Stanczak was under the influence of alcohol because he refused to perform a field sobriety test before consulting with an attorney?_**

¶12 Stanczak argues that Instruction No. 14's "erroneous recitation" of his rights, coupled with Instruction No. 13's directive that the jury may infer from a person's refusal "to submit to a test which detects the presence of alcohol" that the person was under the influence of alcohol, was reversible error. The State counters that Stanczak's attack on Jury Instruction No. 13 should not be reviewed because he did not preserve an objection to this instruction. Alternatively, the State argues that Stanczak's challenge should be rejected because Instruction No. 13 correctly instructed the jury that it could infer that a person was under the influence based on that person's refusal to submit to a test which detects the presence of alcohol.

¶13 As a general rule, a party may raise on appeal only issues that were properly preserved before the district court. *State v. West*, 2008 MT 338, ¶ 16, 346 Mont. 244, 194 P.3d 683. Stanczak initially objected to Instruction No. 13 as proposed, but he accepted the District Court's amendment to the instruction by indicating that, as amended, he had "no objection" to the instruction. However, as Stanczak points out in his reply brief, he is not simply challenging Instruction No. 13. Rather, he contends that based on the District Court's decision to give Instruction No. 14, the jury likely inferred, because of Instruction No. 13, that he was under the influence of alcohol based on his

5

demand to speak with an attorney before agreeing to perform the sobriety tests. Thus, to the extent Stanczak's discussion of Instruction No. 13 is linked to his challenge to Instruction No. 14, we conclude his argument is properly made on appeal.

¶14 As we have already explained, Instruction No. 14 was proper because, without custodial interrogation, a defendant generally does not have a Fifth Amendment or Article II, Section 25 constitutional right to consult with an attorney prior to performing field sobriety tests. Thus, the remaining issue is whether the permissible inference provisions of § 61-8-404(2), MCA, as set forth in Instruction No. 13, apply to persons who refuse to perform field sobriety tests.

¶15 Stanczak contends that permitting the jury to infer that "he was under the influence based upon his request to speak with an attorney prior to performing the [field sobriety tests]" contravenes § 61-8-404(2), MCA, because the only "tests" enumerated in the statute are tests of a person's blood or breath—not field sobriety tests.

¶16 The statute provides, in pertinent part, that "a report of the facts and results of one or more tests of a person's blood or breath is admissible in evidence . . .," as is "a report of the facts and results of a physical, psychomotor or physiological assessment . . . ." Section 61-8-404(1)(b)-(c), MCA (2007). The statute further provides that "[i]f the person under arrest refused to submit to one or more tests as provided in this section, proof of the refusal is admissible . . ." and "[t]he trier of fact may infer from the refusal that the person was under the influence." Section § 61-8-404(2), MCA (2007).

6

¶17 Our purpose in construing a statute is to ascertain the Legislature's intent and to give effect to the legislative will. Section 1-2-102, MCA. In ascertaining legislative intent, we look first to the plain meaning of the words used. *Van Der Hule v. Mukasey*, 2009 MT 20, ¶ 10, 349 Mont. 88, 217 P.3d 1019. The statute applies to a person who "refuses to submit to one or more tests as provided in this section . . . ." Section 61-8-404(2), MCA. Stanczak correctly notes that § 61-8-404(1)**(a)** and **(b)**, MCA, refer only to "blood or breath" tests, and that § 61-8-404(1)**(c)**, MCA, refers to "a physical, psychomotor, or physiological assessment . . . ." However, despite the fact that Legislature used the term "assessment" rather than "test" in describing the physical, psychomotor, or physiological methods of determining intoxication, we cannot reasonably conclude that these "assessments" are not "tests" for purposes of § 61-8-404(2), MCA. Clearly, the physical, psychomotor, and physiological assessments referenced by the Legislature are the very field sobriety tests Stanczak refused to perform.

¶18 In our discussion of § 61-8-404(2), MCA (2005), in *State v. Miller*, 2008 MT 106, ¶ 16, 342 Mont. 355, 181 P.3d 625, we mentioned that "the defendant's refusal to submit to a blood, breath, physical, psychomotor, or physiological test" is admissible in a DUI trial under the statute. In *State v. Hudson*, 2005 MT 142, ¶ 21, 327 Mont. 286, 114 P.3d 210, we generally referenced field sobriety tests as falling within the meaning of § 61-8-404(2), MCA.

7

¶19    We conclude that the District Court's instructions correctly instructed the jury on the applicable law and did not raise an inappropriate inference.

¶20    Affirmed.


                                                    /S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON