**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK S. VAN DER HULE, *Plaintiff-Appellant*, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, *Defendant-Appellee*. | No. 09-36008 <br><br> D.C. No. 9:05-cv-00190-DWM <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted March 7, 2012
Withdrawn November 2, 2012
Resubmitted July 9, 2014
Portland, Oregon

Filed July 16, 2014

Before: William A. Fletcher, Raymond C. Fisher,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

# SUMMARY[*]

## Second Amendment / Firearms

The panel affirmed the district court's judgment in favor of the Attorney General of the United States in an action for declaratory relief brought by Frank Van der hule, a former felon whose civil rights were automatically restored under Montana law, seeking approval of a proposed firearm purchase.

The panel held that Montana's prohibition on Van der hule's obtaining a permit to carry a concealed weapon was a sufficient restriction of his firearm rights to trigger the "unless clause" of 18 U.S.C. § 921(a)(20). The panel also held that Van der hule was forbidden to receive or possess a firearm under federal law, and that ban did not violate his Second Amendment rights.

# COUNSEL

Quentin M. Rhoades (argued) and Robert Erickson, Sullivan, Tabaracci & Rhoades, Missoula, Montana, for Plaintiff-Appellant.

Adam C. Jed (argued), Assistant United States Attorney; Tony West, Assistant Attorney General; Michael W. Cotter, United States Attorney; Mark B. Stern, Michael S. Raab, and Abby C. Wright, Attorneys, United States Department of

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Justice, Civil Division, Washington, D.C., for Defendant-Appellee.

**OPINION**

BYBEE, Circuit Judge:

In this case we address two issues: (1) Whether Frank Van der hule, who is prohibited under Montana law from receiving a concealed weapons permit, is therefore prohibited under 18 U.S.C. § 922(g)(1) from possessing any firearms, *see Caron v. United States*, 524 U.S. 308 (1998); and (2) assuming he is barred by federal law, whether such restriction violates Van der hule's rights under the Second Amendment to the U.S. Constitution, *see Dist. of Columbia v. Heller*, 554 U.S. 570 (2008). We hold that Van der hule is barred by federal law from possessing a firearm and that such ban does not violate his Second Amendment rights. We affirm the judgment of the district court.

I

In December 1983, Frank Van der hule pled guilty to sexual assault and four counts of sexual intercourse without consent in Montana. He was sentenced to 25 years' imprisonment and completed his sentence in 1996. At the completion of his sentence, Montana law automatically restored to Van der hule his civil rights. *See* Mont. Const. art. II, § 28(2) ("Full rights are restored by termination of state supervision for any offense against the state."); Mont. Code Ann. § 46-18-801(2) ("[I]f a person has been deprived of a civil or constitutional right by reason of conviction . . . and the person's sentence has expired . . . , the person is restored

to all civil rights and full citizenship, the same as if the conviction had not occurred.").

In July 2003, Van der hule attempted to purchase a firearm from a firearms dealer, who held a federal firearms license, in Montana. The dealer began the National Instant Criminal Background Check System ("NICS") process, and the NICS examiner who processed the background check concluded that Van der hule's prior convictions precluded him from receiving a Montana concealed weapons permit, and therefore he was also prohibited under federal law from possessing or receiving any firearm. The NICS examiner informed the dealer that Van der hule should not be permitted to purchase a firearm, and the dealer refused to make the sale. Van der hule filed an administrative appeal with the NICS Appeal Services Team ("AST"), but the AST upheld the examiner's determination.

Van der hule then filed suit for a declaratory judgment under 18 U.S.C. § 925A, requesting that the court order the Attorney General to approve the proposed firearm transfer to Van der hule. Van der hule argued that Montana and federal law did not restrict him from obtaining a concealed weapons permit or possessing any firearms. In September 2007, the district court granted the government's motion for summary judgment in part but certified a question to the Montana Supreme Court. It asked whether, under Montana law, Mont. Code. Ann. § 45-8-321(1), a sheriff has the discretion to grant a concealed weapons permit to someone with a criminal history similar to Van der hule's. In January 2009, the Montana Supreme Court held that such a person was prohibited from obtaining a concealed weapons permit under Montana law and a sheriff had no discretion to grant him a

permit. *Van der hule v. Mukasey*, 217 P.3d 1019, 1022 (Mont. 2009).

In the meantime, Van der hule amended his complaint to add a claim that the federal and state laws depriving him of his right to purchase a firearm violate the Second Amendment. After the Montana Supreme Court rendered its decision, the parties again filed cross-motions for summary judgment, and the district court granted the government's motion. The district court held that Van der hule was prohibited by federal law from possessing or receiving a firearm by virtue of his restriction on obtaining a Montana concealed weapons permit and that Van der hule, by virtue of his prior felony conviction, had no federal constitutional right to possess a firearm. Van der hule filed this appeal.[1]

II

A. *The Statutory Scheme*

The federal statutory framework at issue is Title IV of the Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90-351, §§ 901–07, 82 Stat. 197, 225–35, *amended by* the Gun Control Act of 1968, Pub. L. No. 90-618, § 102, 82 Stat. 1213, 1213–26 (codified as amended at 18 U.S.C. §§ 921–28).

The Act provides that:

It shall be unlawful for any person—

---

[1] We review a district court's grant of summary judgment *de novo*. *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc).

(1) who has been convicted in any court
of, a crime punishable by imprisonment
for a term exceeding one year;

. . . . .

to ship or transport in interstate or foreign
commerce, or possess in or affecting
commerce, any firearm or ammunition; or to
receive any firearm or ammunition which has
been shipped or transported in interstate or
foreign commerce.

18 U.S.C. § 922(g). Prior to 1986, the Supreme Court held
that federal law alone determined whether a conviction under
state law triggered the disability under § 922(g), and that
"expunction under state law [would] not alter the historical
fact of the conviction." *Dickerson v. New Banner Inst., Inc.*,
460 U.S. 103, 114–15 (1983); *see Lewis v. United States*, 445
U.S. 55, 62–65 (1980).

In 1986, however, Congress enacted the Firearms
Owners' Protection Act ("FOPA"), expressing its intent to
roll back certain restrictions on the rights of citizens to
possess firearms. Pub. L. 99–308, § 1, 100 Stat. 449, 449
(1986). FOPA amended Title IV to provide that a "crime
punishable by imprisonment for a term exceeding one year,"

[should] be determined in accordance with the
law of the jurisdiction in which the
proceedings were held. Any conviction which
has been expunged, or set aside or for which
a person has been pardoned or has had civil
rights restored shall not be considered a

conviction for purposes of this chapter, *unless* such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added). The last clause of this provision is known as the "unless clause."

We follow a three-step procedure for determining whether a state conviction is invalidated for purposes of the federal felon-in-possession statute. We have adopted the following formula:

> 1. Use state law to determine whether the defendant has a "conviction." If not, the defendant is not guilty. If so, go to step 2.
>
> 2. Determine whether the conviction was expunged, set aside, the defendant was pardoned, or the defendant's civil rights were restored. If not, the conviction stands. If so, go to step 3.
>
> 3. Determine whether the pardon, expung[e]ment, or restoration of civil rights expressly provides that the defendant may not ship, transport, possess, or receive firearms. If so, the conviction stands. If not, the defendant is not guilty.

*United States v. Valerio*, 441 F.3d 837, 840 (9th Cir. 2006). Here, it is uncontested that Van der hule was convicted of "a crime punishable by imprisonment for a term exceeding one

year." It is also uncontested that Van der hule has had his civil rights restored by automatic operation of state law. *See* Mont. Const. art. II, § 28(2); Mont. Code Ann. § 46-18-801(2); *Caron*, 524 U.S. at 312–13. The dispute arises at the third step, with the parties contesting whether Montana's concealed weapons statute triggers the "unless clause."

Montana law defines "[c]oncealed weapon" generally as "any weapon [mentioned in other provisions] that is wholly or partially covered by the clothing or wearing apparel of the person carrying or bearing the weapon." Mont. Code. Ann. § 45-8-315. It punishes "[a] person who carries or bears concealed upon the individual's person a . . . pistol, revolver, . . . or other deadly weapon." *Id.* § 45-8-316(1). It provides numerous exceptions, however, including allowing the carrying of concealed weapons "outside the official boundaries of a city or town," by those "lawfully engaged in . . . outdoor activit[ies] in which weapons are often carried for recreation or protection," and "on one's own premises or at one's home or place of business." *Id.* § 45-8-317(1)(i), (j). Montana also issues permits to carry a concealed weapon, which allow a permit holder to carry "a handgun or a knife with a blade 4 or more inches in length"—though not other weapons otherwise prohibited from concealment—almost anywhere except certain government buildings, financial institutions, and places licensed to serve alcohol. *Id.* §§ 45-8-315, -321, -328. Thus, under Montana law, a permit to carry a concealed weapon allows the holder to conceal a handgun in certain locations where it would otherwise be unlawful to do so.

Montana is a "shall-issue" state in that it requires the local sheriff to issue a concealed weapons permit when an

applicant qualifies under the statute.  *Id.* § 45-8-321(1).  The statute describing the permit provides that this

> privilege may not be denied an applicant unless the applicant . . .
>
> has been convicted in any state or federal court of:
>
> (i) a crime punishable by more than 1 year of incarceration; or
>
> (ii) regardless of the sentence that may be imposed, a crime that includes as an element of the crime an act, attempted act, or threat of intentional homicide, serious bodily harm, unlawful restraint, sexual abuse, or sexual intercourse or contact without consent.

*Id.* § 45-8-321(1)(c)(i), (ii).

In response to the certified question from the district court in this case, the Montana Supreme Court held that although the statute only specifies that the privilege "may" not be denied, when an applicant meets the description in Mont. Ann. Code § 45-8-321(1)(c)(i) or (ii), a sheriff is prohibited from issuing him or her a permit. *Van der hule*, 217 P.3d at 1020–22.  Because Van der hule was convicted of the crimes of sexual abuse and sexual intercourse without consent, the sheriff cannot issue him a permit to carry a concealed

weapon,[2] which in turn restricts him from concealing a handgun in certain locations.

The issue is whether this prohibition on carrying a concealed weapon in certain locations is a restriction that triggers the "unless clause" in 18 U.S.C. § 921(a)(20). We now turn to that question.

B. *The Supreme Court and the "Unless Clause"*

The Supreme Court addressed the reach of the "unless clause" in *Caron v. United States*. In that case, the petitioner had multiple prior felony convictions and was appealing his recent conviction for carrying a rifle in violation of 18 U.S.C. § 922(g), the felon-in-possession provision. 524 U.S. at 310–11. His civil rights had been restored by operation of Massachusetts law, and because more than five years had passed since his conviction, he was entitled to receive a firearms identification card permitting him to own and possess firearms, including handguns. *Id.* at 313, 316; Mass. Gen. Laws ch. 140, §§ 129B–29C; ch. 269, §10(a). Yet because he had been convicted of a felony, he was unable to obtain a license to carry and thus was prevented from being able to lawfully carry a handgun outside of his residence or place of business. *See* Mass. Gen. Laws ch. 140, §§ 129C,

---

[2] Although both subsections (i) and (ii) of Montana Code Annotated § 45-8-321(1)(c) preclude Van der hule from obtaining a concealed weapons permit, after the Montana Supreme Court's opinion, the statute was amended and his restriction would now be removed if he had not been convicted of a crime described in § 45-8-321(1)(c)(ii). Mont. Code Ann. § 45-8-321(6) ("A person, except a person referred to in subsection (1)(c)(ii), who has been convicted of a felony and whose rights have been restored pursuant to Article II, section 28, of the Montana constitution is entitled to issuance of a concealed weapons permit if otherwise eligible.").

140; ch. 269, § 10(a).  The First Circuit held that Massachusetts's restrictions were sufficient to trigger the "unless clause" and bar him from possessing any firearms under federal law.  *Caron*, 524 U.S. at 311–12.  Petitioner appealed, arguing that the federal statute only prohibited what was already prohibited by state law.  *Id.* at 314.

The Supreme Court concluded that the phrase "may not . . . possess . . . firearms" in § 922(g) must be interpreted under an "all-or-nothing" approach.  *Id.* (internal quotation marks omitted).  "Either it applies when the State forbids one or more types of firearms, as the Government contends; or it does not apply if state law permits one or more types of firearms, regardless of the one possessed in the particular case."  *Id.*  Under the former approach:

> [A] state weapons limitation on an offender activates the uniform federal ban on possessing any firearms at all.  This is so even if the guns the offender possessed were ones the State permitted him to have.  The State has singled out the offender as more dangerous than law-abiding citizens, and federal law uses this determination to impose its own broader stricture.

*Id.* at 315.

The Court held that this approach was the proper one.  *Id.* It determined that Congress's purpose was "to keep guns away from all offenders who, the Federal Government feared, might cause harm, even if those persons were not deemed dangerous by States."  *Id.*  Congress had thus adopted "a single, national, protective policy, broader than required by

state law." *Id.* at 316. The Court concluded that the Massachusetts restriction triggered the "unless clause." When "Massachusetts treats [the convict] as too dangerous to trust with handguns, . . . . [f]ederal law uses this state finding of dangerousness in forbidding [the convict] to have any guns." *Id.* at 316–17.

## C. *Montana's Restriction on Possession*

The issue before us is whether Montana's restriction on Van der hule *concealing* weapons he is otherwise permitted to carry is a restriction on his right to "possess . . . firearms." 18 U.S.C. § 921(a)(20).**[3]** Montana's restriction differs from

---

**[3]** Only two other circuits have addressed the issue—one pre-*Caron* and one post-*Caron*. In a pre-*Caron* case, the First Circuit observed that a Maine statute that permitted a felon to carry a firearm five years after discharge of his sentence but would not permit him to carry a concealed weapon acted as "an explicit restraint on a felon's ability to possess a firearm." *United States v. Sullivan*, 98 F.3d 686, 689 & n.2 (1st Cir. 1996). This observation was in dicta because the defendant was not yet eligible for a carry permit; the court may have relied on his being prohibited from carrying all firearms.

The Sixth Circuit has addressed this issue in two post-*Caron* cases. In the first case, the court suggested that there is a difference between a state law that gives a felon the right to possess only certain types of weapons, as in *Caron*, and one that gives the felon the right to possess all types of weapons but not the right to conceal them. *United States v. Campbell*, 256 F.3d 381, 394 n.9 (6th Cir. 2001), *abrogated on other grounds by Begay v. United States*, 553 U.S. 137 (2008). However, the court provided no reasoning on this point and ultimately reached its holding on grounds other than whether a restriction on concealment triggers the "unless clause." More recently, the Sixth Circuit reviewed the case of a defendant who had been convicted of misdemeanor domestic violence. *United States v. Sanford*, 707 F.3d 594 (6th Cir. 2012). The defendant was ineligible under Michigan law for a concealed weapons

Massachusetts' restriction at issue in *Caron* in an important regard. Massachusetts permitted Caron to own firearms, including rifles, shotguns, and handguns, but he could not carry the handguns outside of his home or business. Van der hule, by contrast, may carry any firearms Montana permits others to carry; he is restricted, however, in that he is barred from obtaining a permit to carry concealed handguns. Montana's scheme is thus less restrictive than Massachusetts'.

This difference does not help Van der hule. In one sense Montana does not restrict Van der hule from possessing any *firearms*. There are no firearms that others may possess in Montana that Van der hule cannot own; indeed, there are no *firearms* that Van der hule cannot lawfully carry in Montana. Montana does, however, restrict the *way* in which Van der hule can *possess* such firearms. Like Massachusetts' restriction in *Caron*, Montana has effectively imposed a time, place, and manner restriction on Van der hule's right to possess firearms. After *Caron*, we think that is sufficient to trigger the "unless clause" in § 921(a)(20).

Our determination is consistent with the general definition of "possession." As the Supreme Court has reminded us, "there is no word more ambiguous in its meaning than possession." *Nat'l Safe Deposit Co. v. Stead*, 232 U.S. 58, 67 (1914). Yet, we have done our best to bring order out of

---

permit, and the court found that his inability to obtain the permit burdened his ability to "transport firearms, even when unconcealed in a vehicle." *Id.* at 598 (emphasis omitted) (citing § 921(a)(33)). Applying *Caron*, it held that his "ineligibility for a concealed weapons permit trigger[ed] the 'unless clause' and permit[ted] his indictment for firearm possession in violation of § 922(g)(9)." *Id.*

semantic chaos. We have held that possession of a firearm "involves the power to control and the intent to control." *United States v. Angelini*, 607 F.2d 1305, 1310 (9th Cir. 1979); *see also United States v. Vasquez*, 654 F.3d 880, 885 (9th Cir. 2011) ("'Dominion and control' means [the defendant] had knowledge of the weapons and the power and intent to exercise control over them."). This is consistent with standard definitions of the term. *See, e.g.*, Black's Law Dictionary 1281 (9th ed. 2009) ("1. The fact of having or holding property in one's power; the exercise of dominion over property. . . . 2. The right under which one may exercise control over something to the exclusion of all others . . . ."); *id.* at 1282 ("[A]ctual possession[—] . . . Physical occupancy or control over property."); *see also* Mont. Code. Ann. § 45-2-101(59) ("'Possession' is the knowing control of anything for a sufficient time to be able to terminate control."). Van der hule is more limited in the control he may exercise over a handgun than a person with a permit to carry a concealed handgun is because he may not place one underneath his clothing or continue to carry it if his clothing obscures the handgun. Quite simply, there are restrictions on the ways he may use a handgun that do not apply to others who lack a similar criminal history. These restrictions limit Van der hule's ability to possess a handgun and bring him within the "unless clause" in § 921(a)(20). *Accord Sanford*, 707 F.3d at 598.

## III

Van der hule argues that the "unless clause" is ambiguous and does not clearly indicate that it covers restrictions on concealed weapons. He asks that we grant him the benefit of the doubt under the rule of lenity. Application of the rule of lenity is reserved "for those situations in which a reasonable

doubt persists about a statute's intended scope even after resort to 'the language and structure, legislative history, and motivating policies' of the statute." *Moskal v. United States*, 498 U.S. 103, 108 (1990) (emphasis omitted) (quoting *Bifulco v. United States*, 447 U.S. 381, 387 (1980)). It "applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute." *United States v. Shabani*, 513 U.S. 10, 17 (1994).[4]

In *Caron*, the Court also addressed a rule of lenity argument based on the "unless clause." The petitioner argued that because the phrase "may not . . . possess . . . firearms" was susceptible to more than one possible construction, such that it could be interpreted to apply only when a state has an absolute ban prohibiting felons from possessing all firearms rather than applying any time a state prohibits possession of even one type of firearm, the "unless clause" should not preclude his possessing a firearm allowed by state law. 524 U.S. at 310. The Court found this mere "grammatical possibility" insufficient to trigger the rule of lenity because the petitioner's reading was an "implausible reading of the congressional purpose." *Id.* at 316.

In this case, it is likewise possible that the phrasing "may not . . . possess" would not reach concealment as a mere manner of possession. Yet such a reading of the statute would, as the Court explained in *Caron*, be implausible in light of Congress' purposes. Montana has imposed firearms restrictions on Van der hule because he is "too dangerous to

---

[4] Although the interpretation of the statute occurs here in the context of Van der hule's declaratory judgment action, because we are construing a criminal statute, the rule of lenity is still applicable. *See Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004).

trust with handguns," unlike someone without a similar criminal history. *Id.* Although Montana has enacted only a time, place, or manner restriction on Van der hule's possession of handguns, Congress has adopted "a single, national, protective policy, broader than required by state law." *Id.* After *Caron*, no reasonable doubt persists about the meaning of the statute.

IV

Van der hule argues in the alternative that § 922(g)(1)'s ban should be analyzed under strict scrutiny and that it unconstitutionally burdens his Second Amendment right to keep and bear arms for personal protection. We addressed whether § 922(g)(1) violates the Second Amendment in *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010) and determined that it did not. *Id.* at 1118; *see also United States v. Williams*, 616 F.3d 685, 694 (7th Cir. 2010) (holding § 922(g)(1) did not violate convicted felon's equal protection rights). We see no reason to change our view now. Most recently, in *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013), we made it explicit that Second Amendment questions are reviewed under heightened scrutiny, *id.* at 1137–38, and upheld, under intermediate scrutiny, a subsection of § 922(g) that barred firearm possession by anyone who has been convicted in any court of a misdemeanor crime of domestic violence. *Id.* at 1140–41; *see* 18 U.S.C. § 922(g)(9).

In light of *Chovan* and *Vongxay*, we believe that § 922(g)(1) continues to pass constitutional muster. *See Heller*, 554 U.S. at 626 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."). Accordingly, Van der hule's Second Amendment argument fails.

V

Montana's prohibition on Van der hule's obtaining a permit to carry a concealed weapon is a sufficient restriction of his firearm rights to trigger the "unless clause" of 18 U.S.C. § 921(a)(20). He is, accordingly, forbidden to receive or possess a firearm under federal law and that ban does not violate his Second Amendment rights. The judgment of the district court is

**AFFIRMED**.