**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30107 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00050-SPW-1 |
| v. | |
| ANTONIO FRANCISCO GUTIERREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted September 2, 2020
Submission Vacated November 23, 2020
Resubmitted August 3, 2021
Seattle, Washington

Before: BYBEE and COLLINS, Circuit Judges, and STEARNS,[**] District Judge.

Appellee United States charged Appellant Antonio Gutierrez with

conspiracy to commit robbery affecting commerce (18 U.S.C. § 1951), robbery

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

affecting commerce (18 U.S.C. § 1951), possession of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)), and being a felon in possession of a firearm (18 U.S.C. § 922(g)).  Gutierrez moved to dismiss his indictment, asserting that he was not a "prohibited person" under 18 U.S.C. § 922(g).  The district court denied the motion.  The Government dismissed the conspiracy count, and the jury returned a guilty verdict on the remaining counts.  Gutierrez now challenges (1) the sufficiency of the evidence supporting his convictions and (2) the district court's denial of his motion to dismiss the felon-in-possession charge.  Because the parties are familiar with the facts, we will not recite them here.

We review the sufficiency of the evidence de novo.  *United States v. Loveland*, 825 F.3d 555, 558 (9th Cir. 2016).  We review a denial of a motion to dismiss the indictment de novo and the underlying factual determinations for clear error.  *United States v. Ziskin*, 360 F.3d 934, 938 (9th Cir. 2003).  We affirm.

1.      Gutierrez relies on credibility disputes and conflicting evidence in the record, rather than a lack of evidence presented at trial, to challenge the sufficiency of the evidence supporting his convictions.  However, Gutierrez's challenge ignores additional facts the Government presented at trial.  A rational trier of fact could have resolved the conflicting testimony and credibility issues in favor of the prosecution.  *See United States v. Boykin*, 785 F.3d 1352, 1359 (9th Cir. 2015)

2

("The trier of fact has the responsibility 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))). Taking the record in the light most favorable to the prosecution, these facts are more than sufficient for a rational trier of fact to find beyond a reasonable doubt that Gutierrez committed the robbery. *See Loveland*, 825 F.3d at 558–59 ("Evidence is sufficient if, when viewed in the light most favorable to the prosecution*, any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (internal quotations omitted) (quoting *United States v. Webster*, 623 F.3d 901, 907 (9th Cir. 2010)) (emphasis in original)).

2. Gutierrez also challenges the sufficiency of the evidence supporting the "affecting commerce" requirement for his convictions. Ninth Circuit case law is clear that this is a de minimis burden, which can be met by showing that the affected business regularly engages in interstate commerce. *United States v. Rodriguez*, 360 F.3d 949, 955 (9th Cir. 2004). There is no dispute that the affected business engaged in interstate commerce. *See United States v. Lynch*, 437 F.3d 902, 909 (9th Cir. 2006) ("The interstate nexus requirement is satisfied 'by proof of a probable or potential impact' on interstate commerce. The government need not show that a defendant's acts actually affected interstate commerce." (internal

citation omitted) (quoting *United States v. Huynh*, 60 F.3d 1386, 1389 (9th Cir. 1995))).  The Government presented sufficient supporting evidence at trial.  *See United States v. Rodriguez*, 360 F.3d 949, 955–56 (9th Cir. 2004).  Therefore, the "affecting commerce" requirement of the Hobbs Act is satisfied.

3.      Finally, Gutierrez claims he was not a "prohibited person" under 18 U.S.C. § 922(g).  Under Federal law, "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(g)(1).  A "crime punishable by imprisonment for a term exceeding one year" excludes state misdemeanor offenses punishable by two years imprisonment or less.  18 U.S.C. § 921(a)(20).  If a conviction "has been expunged, or set aside" or the defendant "has had civil rights restored," it is not a qualifying conviction "*unless* such . . . expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."  *Id.* (emphasis added).  To determine "whether a restoration of civil rights expressly prohibits firearm possession, [we] must look to the whole of state law at the time of the restoration."  *United States v. Cardwell*, 967 F.2d 1349, 1351 (9th Cir. 1992).

The parties agree that the test laid out in *Van Der Hule v. Holder*, 759 F.3d 1043, 1046 (9th Cir. 2014), controls the analysis. The district court correctly applied this test. Although Gutierrez's felony burglary conviction was reduced to misdemeanor petit theft under Idaho Code § 19-2604(2) (2003), that statute did not authorize the reduction to operate as an unqualified restoration of Gutierrez's civil rights. The Idaho Supreme Court, in response to our certification, noted that the text of subsection (2) has no language addressing the restoration of a defendant's civil rights. § 19-2604(2). Thus, the court "affirmatively h[e]ld that when a conviction has been amended under subsection (2), instead of vacated under subsection (1), the defendant convicted of one of the listed felonies in Idaho Code 18-310(2) must take an additional step to restore his right to ship, transport, possess or receive a firearm—the defendant must comply with section 18-310(3) and apply to the commission of pardons and parole." *In re Ord. Certifying Question to Sup. Ct. of Idaho*, 492 P.3d 1094, 1099 (Idaho 2021). *Compare* § 19-2604(2) ("[A]mended judgment may be deemed to be a misdemeanor conviction.") *with* § 19-2604(1) (dismissal "shall have the effect of restoring the defendant to his civil rights"). Put simply, the Idaho Supreme Court's holding is that:

> [T]he firearm restrictions that were initially imposed by operation of Idaho Code section 18-310 are not automatically restored unless a conviction is *vacated* under Idaho Code section 19-2604(1). In all

5

> other circumstances, the suspension of firearm rights, once in place, can be restored only by following the explicit mandate of section 18-310. For the offenses listed in section 18-310(2), one must make an application to the commission of pardons and parole not less than five years after the date of final discharge. I.C. § 18-310(3).

492 P.3d 1094, 1101. Gutierrez has not made such an application or received a restoration of his rights under Idaho law.

Therefore, Gutierrez's felony burglary conviction required the district court to apply *Van Der Hule* steps 2 and 3. At step 3, Idaho Code § 18-310(2) governs the result, as it explicitly excludes burglary convictions from having firearm rights restored automatically. § 18-310(2)(e). Gutierrez is a "prohibited person" as a matter of law, and the district court properly denied dismissal of the felon-in-possession charge.

**AFFIRMED.**