**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 17 2023

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30034 |
| Plaintiff-Appellee, | D.C. No. 9:20-cr-00055-DWM-1 |
| v. | |
| GRADY HAROLD SULLIVAN, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted February 8, 2023
Portland, Oregon

Before:  MURGUIA, Chief Judge, and FORREST and SUNG, Circuit Judges.

Defendant-Appellant Grady Harold Sullivan, Jr. appeals a district court order

accepting his conditional guilty plea and sentencing him for violating 18 U.S.C.

§ 922(g). He argues that the district court erred by denying his motion to dismiss and

requests that we remand to the district court with direction to grant Sullivan's motion

and allow him to withdraw his plea. We have jurisdiction under 28 U.S.C. § 1291,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and we affirm.

Federal law prohibits a person with a qualifying felony conviction from "possess[ing] in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g). A qualifying conviction excludes convictions for which the defendant "has had civil rights restored," specifically the right to possess firearms. 18 U.S.C. § 921(a)(20). Montana law restores a defendant's civil rights upon the termination of "state supervision for any offense against the state." *See* Mont. Const. art. II § 28(2); *see also* Mont. Code Ann. § 46-18-801(2).

Sullivan does not dispute that his state felony conviction would otherwise be a qualifying conviction under the statute, but he argues that his sentence terminated, restoring his civil rights, eight years from the date he was conditionally released from community corrections programming by the Department of Corrections (DOC). We review de novo whether Sullivan's sentence terminated before he was discovered possessing firearms and ammunition. *See United States v. McAdory*, 935 F.3d 838, 842 (9th Cir. 2019) (explaining the standard of review); *Van Der Hule v. Holder*, 759 F.3d 1043, 1046 (9th Cir. 2014) (discussing three-step framework for reviewing whether a defendant has a qualifying conviction for § 922(g), including determining whether the defendant's civil rights were restored).

Montana law vests the "judge of the court" with exclusive sentencing authority. Mont. Code Ann. § 46-18-103; *see also State v. Lewis*, 365 Mont. 431,

438 (2012) (explaining the court has "exclusive authority to impose criminal sentences"). It is undisputed that the state court committed Sullivan "to the Department of Corrections for a term of 10 years with 8 years suspended." This sentence was proper under Montana law. *See* Mont. Code Ann. § 46-18-201(3)(a)(iv). Sullivan's sentence commenced January 3, 2011, and terminated December 31, 2020. Sullivan's argument that his 10-year sentence was shortened when the DOC conditionally released him into the community in March 2012, before his full two-year custodial term had run, fails. Sullivan points to no relevant authority showing that the DOC had the unilateral authority to reduce the state court's sentence in this way. Regardless of how long Sullivan spent imprisoned, his sentence was for a 10-year term and that term had not terminated before he was discovered in possession of firearms and ammunition in October 2020. Thus, his conviction under 18 U.S.C. § 922(g) was proper.

**AFFIRMED.**