DA 10-0085

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 198

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DONALD WEISWEAVER,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 99-66
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender; Sarah Chase Rosario y Naber,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General, Helena, Montana

          George H. Corn, Ravalli County Attorney; T. Geoffrey Mahar,
Deputy County Attorney, Hamilton, Montana

Submitted on Briefs: August 10, 2010

Decided: September 14, 2010

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Donald Weisweaver appeals from his December 30, 2009 sentence following convictions for felony possession of dangerous drugs and for felony conspiracy to possess with intent to distribute. We affirm.

¶2    Weisweaver contends on appeal that the District Court failed to apply § 46-18-225, MCA, at sentencing and that he received ineffective assistance of counsel because his attorney failed to object. That statute provides guidelines for sentencing nonviolent offenders.

## BACKGROUND

¶3    In May, 2009, Weisweaver and Sean Snow arranged to have Weisweaver's mother in California ship methamphetamine to Snow's address in Montana. Weisweaver and Snow planned to take the drugs to North Dakota and sell them in the oil fields. Weisweaver was on probation for felony convictions in California and came to Montana after absconding from supervision in California.

¶4    Law enforcement officers in California discovered and tracked the package from Weisweaver's mother that was being shipped to Snow's address in Corvallis, Montana. It contained 29 grams of methamphetamine. Cooperating law enforcement officers in Montana made a controlled delivery of the package to Snow and then arrested him and executed a search warrant for the residence. While this was happening, Weisweaver contacted Snow by cell phone and text message wanting to pick up the package. Weisweaver was arrested when he arrived at Snow's residence to retrieve the drugs.

2

¶5 Weisweaver was convicted of the two felonies after a jury trial. His attorney urged the District Court in filed arguments and at sentencing that Weisweaver was a non-violent offender and addict who should be sentenced in lieu of imprisonment to a treatment program under the alternative sentencing provisions of § 45-9-202, MCA. The State urged that Weisweaver be sentenced to prison as a persistent felony offender based upon the prior convictions in California.

¶6 The District Court sentenced Weisweaver as a persistent felony offender to concurrent terms of five years for possession and fifteen years with five suspended for conspiracy with intent to distribute. At sentencing the District Court noted that Weisweaver had a prior drug paraphernalia conviction in 2007 and two felony convictions arising from receiving stolen property in California in 2008. The District Court noted that while on probation for the 2008 offenses, Weisweaver was shot in an incident for which he gave differing accounts. Further, Weisweaver absconded from supervision in California and moved to Montana without permission. While on absconder probation status he conspired with Snow to obtain methamphetamine to sell to pay drug debts. The District Court concluded that there was no doubt that Weisweaver and Snow were "heavily involved in the methamphetamine trade at a time when [Weisweaver] was absconding from felony probation" and that therefore he was "not entitled to any consideration under the alternative sentencing authority of the statutes." The District Court determined that while Weisweaver is an addict and could potentially be treated, his condition required lengthy treatment in a secure setting.

**STANDARD OF REVIEW**

3

¶7 Ineffective assistance of counsel claims contain mixed questions of fact and law that this Court reviews de novo. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861.

## DISCUSSION

¶8 Weisweaver contends on appeal that his attorney should have objected to the sentence or moved for reconsideration asking the District Court to apply § 46-18-225, MCA, and that his failure to do so constituted ineffective assistance of counsel.

¶9 This Court reviews ineffective assistance of counsel claims under the principles set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). The defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948. Counsel's performance is deficient if it falls below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances. *Whitlow*, ¶ 20. The defendant must overcome a strong presumption that counsel's actions were within a broad range of reasonable professional assistance. *Baca*, ¶ 17. The defendant must demonstrate prejudice by showing a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *Id*.

¶10 Weisweaver acknowledges on appeal that his sentence was not illegal, but "rather, a legal sentence only subject to challenge or objection." The State agrees that Weisweaver's challenge to his attorney's failure to object to the sentence is appropriate for review on direct appeal.

4

¶11 District courts have discretion under § 45-9-202, MCA, to sentence persons convicted of felony drug offenses to alternative sentences that do not involve imprisonment. Weisweaver's attorney filed a sentencing memorandum with the District Court, arguing forcefully that the State's request for persistent felony offender status be rejected, and that Weisweaver be sentenced under § 45-9-202, MCA. The attorney argued for "curative rather than punitive sentencing to a defendant whose drug use amounts to an addiction." The attorney described the nature and extent of Weisweaver's addiction, the support he has from his family, the fact that he was a non-violent offender and that he had no significant criminal history arising from drugs. The attorney's argument concluded with a detailed sentencing request that did not include incarceration.

¶12 Significantly, the sentencing memorandum cited and quoted at length from *State v. Brendal*, 2009 MT 236, 351 Mont. 395, 213 P.3d 448, which also involved alternative sentencing. *Brendal*, ¶ 23, specifically noted § 46-18-225, MCA, and its relationship to alternative sentencing issues.

¶13 Section 46-18-225, MCA, provides that a district court sentencing a nonviolent felony offender must "first consider alternatives to imprisonment," examining the sentencing criteria of subsection (2). That subsection provides that the sentencing judge "shall take into account" a number of factors such as whether public safety requires imprisonment, whether the needs of the offender can be better served in the community, whether there are grounds tending to excuse or justify the offense, whether the defendant acted under strong provocation, whether the offender has made restitution to the victim, whether the offender has a prior criminal conviction, whether the criminal conduct is

5

unlikely to recur, whether the offender's character and attitude make it unlikely he will commit another crime, whether the offender is likely to respond quickly to correctional treatment, and whether imprisonment will create excessive hardship for the offender or his family. The statute does not preclude sentencing a non-violent offender to prison. *State v. Nelson*, 274 Mont. 11, 19, 906 P.2d 663, 668 (1995).

¶14    In prior cases this Court has remanded cases for resentencing where the district courts did not apply § 46-18-225(2), MCA, when sentencing nonviolent offenders. *Nelson*, 274 Mont. at 17, 906 P.2d at 666; *State v. Barnaby*, 2006 MT 203, ¶ 59, 333 Mont. 220, 142 P.3d 809. This Court has also implored the district courts that

> "[e]xplicit, rather than implicit consideration of the criteria makes for a much more meaningful appellate review. In future cases, we strongly encourage district courts, in imposing sentence upon nonviolent offenders, to specifically recognize and address the criteria set forth in § 46-18-225, MCA."

*State v. Swoboda*, 276 Mont. 479, 485, 918 P.2d 296, 300 (1996) (quoting *Nelson*, 274 Mont. at 20, 906 P.2d at 668). We do so again.

¶15    The point is not to require some mechanical nod toward § 46-18-225, MCA, but rather to insure that in the appropriate case the district court gives real consideration to whether the particular defendant appearing for sentencing is a good candidate for a sentence other than imprisonment.

¶16    The record shows that the District Court gave adequate consideration to the relevant circumstances of Weisweaver's situation and to his susceptibility to alternative sentencing. The prosecutor and defense counsel presented their differing assessments of Weisweaver, the sentence each advocated, and the reasons. As noted above,

6

Weisweaver's sentencing memorandum contained an express reference to § 46-18-225, MCA.

¶17 The District Court gave detailed reasons for the decision to impose incarceration and not an alternative sentence. Weisweaver was convicted of two felonies, including conspiracy to distribute methamphetamine. He was eligible for designation and sentencing as a persistent felony offender, subjecting him to a mandatory minimum prison sentence. He was single with no children, unemployed, had no income or assets of consequence. He had a number of misdemeanor convictions and two felony convictions in 2008 in California relating to receiving stolen property. He absconded from probation supervision in California and came to Montana. He was "up to his eyeballs, along with Mr. Snow, in the methamphetamine trade," intending to sell the drug in the oil fields in North Dakota. He had a long-standing methamphetamine addiction problem. Treatment would be lengthy and "should be done in a secure setting." Based upon these reasons, the District Court determined that Weisweaver was not entitled to alternative sentencing consideration.

¶18 Weisweaver argues on appeal that if the District Court had taken the criteria of § 46-18-225(2), MCA, into account, he would have received a more lenient sentence. First, he contends, relying on materials not in the record and which we therefore decline to consider, that his addiction treatment needs could be better served outside of prison. Weisweaver admitted to being a long-term meth addict and none of the statutory criteria leads to a different treatment conclusion than the one reached by the District Court. Second, he contends that if the criteria had been applied there is a "reasonable

7

probability" that public safety considerations did not warrant imprisonment. However, Weisweaver was a prior felon who had absconded from probation supervision in California. He intended to become a meth dealer by shipping drugs in from California and then taking them to another state to sell. There is every indication that considerations of public safety merited imprisonment. Last, he argues that application of the statutory criteria would have found that his "criminal conduct was the result of circumstances that are unlikely to recur here in Montana." To the contrary, Weisweaver's addiction and his willingness to undertake criminal action to further it all occurred in Montana. By absconding from California he had shown that he was unlikely to do well in a setting outside of prison and that re-offending was probable.

¶19 We find no reason to conclude that any other or further consideration by the District Court of the criteria of § 46-18-225(2), MCA, would have resulted in any different sentence. Those criteria are designed to prevent incarceration of offenders who do not have a significant criminal history, have a justification for their offense, are unlikely to reoffend, and are not a threat to public safety. Weisweaver does not fit this profile. Any failure of the District Court to expressly consider each of the criteria did not affect Weisweaver's substantial rights and forms no basis for reversing his sentence. *Swoboda*, 276 Mont. at 483, 918 P.2d at 299.

¶20 Last, Weisweaver's attorney was not ineffective. He urged the District Court to not designate his client a persistent felony offender, and to sentence him under the alternative sentencing provisions. He brought § 46-18-225(2), MCA, to the attention of the District Court in his sentencing memorandum. Weisweaver has failed to show that

counsel's actions were outside of the broad range of reasonable professional assistance under the circumstances. Further, Weisweaver has failed to show that the absence of a motion to reconsider the sentence bore any chance of success and therefore his substantial rights were not affected.

¶21 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS