DA 12-0257

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 48

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

THOMAS L. ZINK,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eleventh Judicial District,
                        In and For the County of Flathead, Cause No. DC 09-018(A)
                        Honorable Ted O. Lympus, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Wright Legal, P.C., Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
                Attorney General, Helena, Montana

                Ed Corrigan, Flathead County Attorney, Travis Ahner, Deputy County
                Attorney, Kalispell, Montana


                              Submitted on Briefs:  January 15, 2014
                                      Decided:  February 25, 2014


Filed:

                                _____
                                        Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

## BACKGROUND

¶1 The State of Montana charged Thomas Zink (Zink) by Information with aggravated assault against his wife pursuant to § 45-5-202(1), MCA. The State later moved to amend the Information to add a criminal endangerment charge pursuant § 45-5-207(1), MCA. Before trial, Zink moved to dismiss the endangerment charge as a lesser-included offense of aggravated assault. The District Court denied that motion.

¶2 At trial, the State presented testimony from Zink's wife, Elizabeth Zink (Elizabeth). Elizabeth testified that she was in the midst of bathing one of her children when Zink called her into the hallway, "grabbed me and threw me into the wall and held me up against the wall by my wrists," then "shoved me into the floor" and "hit me on my back." Elizabeth got up and went to the kitchen, where Zink "came at me with both hands, and he squeezed hard right away, he squeezed really hard." Elizabeth heard a "crunching gurgle" come from her neck, followed by Zink squeezing harder and telling her to die. "I thought, God, is this really going to happen, am I really going to die?"

¶3 The District Court instructed the jury on criminal endangerment, aggravated assault, and assault as a lesser-included offense of aggravated assault. The jury convicted Zink on the criminal endangerment count and the lesser offense of assault.

¶4 At sentencing, Mr. Hinchey (Hinchey), Zink's counsel, argued for a probationary sentence on the grounds that Zink was not convicted on aggravated assault, a violent felony. Hinchey repeatedly emphasized that the jury chose the lesser offense, and thus found that Elizabeth did not suffer reasonable apprehension of serious bodily injury. Hinchey also

referred to Zink's testimony to show that he was a loving father and that Elizabeth and her children were not in danger from Zink upon his release. Hinchey did not invoke § 46-18-225, MCA, which requires a sentencing court to evaluate specific criteria when assessing imprisonment alternatives for non-violent offenders. The State argued for imprisonment in Montana State Prison based on Zink's past convictions for partner assault, the severity of the assault, and his attempt to justify and minimize the assault. The District Court sentenced Zink to ten years on the criminal endangerment count and a concurrent six months on the assault count.

¶5      Zink appeals from the District Court's order, arguing that criminal endangerment is a lesser-included offense of aggravated assault and thus charging both crimes is prohibited by statute. Zink also argues that he received ineffective assistance of counsel when Hinchey failed to invoke § 46-18-225, MCA.

¶6      The following issues are presented for review:

¶7      *Did the District Court err in denying Zink's pre-trial motion to dismiss the charge of criminal endangerment as a lesser-included offense of aggravated assault?*

¶8      *Did Zink receive ineffective assistance of counsel when his attorney failed to raise the statutory criteria for alternatives to imprisonment for sentencing non-violent offenders?*

### STANDARDS OF REVIEW

¶9      The denial of a motion to dismiss in a criminal case is a conclusion of law which we review de novo. *State v. Dixon*, 2000 MT 82, ¶ 10, 299 Mont. 165, 998 P.2d 544 (citing *State v. Weaver*, 1998 MT 167, ¶ 43, 290 Mont. 58, 964 P.2d 713). Ineffective assistance of

3

counsel (IAC) claims present mixed questions of law and fact that we review de novo. *State v. Gunderson,* 2010 MT 166, ¶ 66, 357 Mont. 142, 237 P.3d 74.

**DISCUSSION**

¶10    *Did the District Court err in denying Zink's pre-trial motion to dismiss the charge of criminal endangerment as a lesser-included offense of aggravated assault?*

¶11    Zink invokes Montana's statutory prohibition on multiple convictions as well as the federal prohibition of multiplicitous charges under the Double Jeopardy Clause. Under both protections, Zink argues that criminal endangerment is a lesser-included offense of aggravated assault.

A. Statutory Prohibition on Multiple Convictions

¶12    Zink contends that criminal endangerment is a lesser-included offense of aggravated assault, and thus the State may not charge him with both. Zink cites to *State v. Tellegen*, 2013 MT 337, ¶ 23, 372 Mont. 454, 314 P.3d 902 for the proposition that a defendant may not be charged with both a greater and lesser offense.[1] That case concerned a defendant's *conviction* on both a lesser and greater offense, which is prohibited under § 46-11-410(2)(a), MCA. *Tellegen*, ¶ 26. The same statute specifically provides that, "[w]hen the same transaction may establish the commission of more than one offense, a person charged with the conduct may be prosecuted for each offense." Section 46-11-410(1), MCA. Montana

4

law also specifically authorizes charging in the alternative. Section 46-11-404(3), MCA ("The prosecution is not required to elect between the different offenses set forth in the charging document, and the defendant may be convicted of any number of the offenses charged except as provided in 46-11-410.").

¶13 Even if criminal endangerment is a lesser-included offense of aggravated assault, Zink was not convicted on both charges, so § 46-11-410, MCA, is not implicated. The jury convicted Zink on criminal endangerment and misdemeanor assault instead of aggravated assault. Zink does not argue that simple assault and criminal endangerment are lesser or included in one another. Rather, he argues that because the criminal endangerment charge is a lesser-included offense of aggravated assault, the endangerment charge should have been dismissed at the outset and he should not have been tried on both counts. As expressly stated in the statute, however, a defendant may be charged in the alternative, so long as he is convicted of only one offense. Section 46-11-410, MCA. Montana's statutory prohibition on multiple convictions was not violated, so we need not address whether criminal endangerment is a lesser-included offense of aggravated assault.

B. Multiplicity of Charges

¶14 Zink also argues that the charges here were multiplicitous because they address one crime with multiple charges. As discussed above, Montana law specifically allows charging

---

1 *Tellegen* inaccurately summarized § 46-11-410, MCA, but was later amended to correct that inaccuracy in *State v. Tellegen,* 2013 MT 337A, ¶ 23, ___Mont. ___, ___ P.3d___. The amended portion follows, with strikeouts deleted and additions underlined: "Montana law prohibits ~~charging~~ convicting a defendant ~~with~~ on multiple offenses when one offense is included in the other. Section 46-11-410(2)(a), MCA. ~~This restriction~~ The prohibition on double jeopardy bars both multiple

5

in the alternative, and prohibits only convictions on multiplicitous charges. Sections 46-11-404(3), 410, MCA. Instead, Zink cites to federal law for the proposition that "[u]nless each offense requires proof of an element that the other does not, a defendant may not be charged with both." *U.S. v. Woerner*, 709 F.3d 527, 539 (5th Cir. 2013) (citations omitted).

¶15 Federal jurisprudence, however, only protects a defendant from conviction on multiplicitous charges. "[A] defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution," *United States v. Batchelder*, 442 U.S. 114, 125, 99 S. Ct. 2198, 2205 (1979), nor does the Double Jeopardy Clause act as a "bar to the Government's proceeding with prosecution simultaneously under the two statutes." *Ball v. United States*, 470 U.S. 856, 860, 105 S. Ct. 1668, 1671 (1985). The reason for concern with multiplicity of charges is that it creates the *potential* for multiple punishments or convictions in violation of the Double Jeopardy Clause. *State v. Robbins*, 32 P.3d 171, 182 (Kan. 2001). Thus, courts may cure any double jeopardy problems with multiplicitous indictments by vacating those convictions that are multiplicitous. *See United States v. Kerley*, 544 F.3d 172, 179 (2d Cir. 2008); *United States v. Ehle*, 640 F.3d 689, 699 (6th Cir. 2011); *United States v. Lynn*, 636 F.3d 1127, 1139 (9th Cir. 2011); *United States v. Bonilla*, 579 F.3d 1233, 1246 (11th Cir. 2009).

¶16 Zink was not subjected to multiple convictions or punishments, so he was not placed in jeopardy by the allegedly multiplicitous charges. Even if Zink had been convicted on multiplicitous charges, the District Court could have cured that problem by vacating the

---

prosecutions and multiple punishments for the same offense. *State v. Guillaume,* 1999 MT 29, ¶¶ 8, 19, 293 Mont. 224, 975 P.2d 312."

6

offending conviction. Accordingly, Zink's double jeopardy claim is without merit, and we need not address whether criminal endangerment is a lesser-included offense of aggravated assault.

¶17 *Did Zink receive ineffective assistance of counsel when his attorney failed to raise the statutory criteria for alternatives to imprisonment for sentencing non-violent offenders?*

¶18 To determine whether an individual has received ineffective assistance of counsel, we use the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Under this test, the defendant must demonstrate that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defendant. *State v. Miner*, 2012 MT 20, ¶ 11, 364 Mont. 1, 271 P.3d 56. Under *Strickland*'s second prong, we examine whether there is a reasonable probability that counsel's lack of reasonable professional conduct renders the trial result unreliable or the proceedings fundamentally unfair. *Miner*, ¶ 12. If an insufficient showing is made regarding one prong of the test, there is no need to address the other prong. *Dawson v. State*, 2000 MT 219, ¶ 21, 301 Mont. 135, 10 P.3d 49 (quoting *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

¶19 Section 46-18-225, MCA, provides that a sentencing court must weigh alternatives to imprisonment for non-violent felony offenders, taking into account whether:

> (a) the interests of justice and the needs of public safety truly require the level of security provided by imprisonment of the offender in a state prison;
> (b) the needs of the offender can be better served in the community or in a facility or program other than a state prison;

7

(c) there are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;

(d) the offender acted under strong provocation;

(e) the offender has made restitution or will make restitution to the victim of the offender's criminal conduct;

(f) the offender has no prior history of conviction for a criminal act or, if the offender has a prior history of conviction for a criminal act, the offender has led a law-abiding life for a substantial period of time before the commission of the present crime;

(g) the offender's criminal conduct was the result of circumstances that are unlikely to recur;

(h) the character and attitude of the offender indicate that the offender is likely to commit another crime;

(i) the offender is likely to respond quickly to correctional or rehabilitative treatment; and

(j) imprisonment of the offender would create an excessive hardship on the offender or the offender's family.

Section 46-18-225(2), MCA.

¶20 Courts have an affirmative duty to consider the § 46-18-225 criteria in sentencing a non-violent offender. *State v. Nelson*, 274 Mont. 11, 20, 906 P.2d 663, 668 (1995). While we would prefer "[e]xplicit, rather than implicit consideration of the criteria," an absence of explicit consideration does not render a sentence illegal or incorrect. *Nelson*, 52 Mont. at 20, 906 P.2d at 668. "The point is not to require some mechanical nod toward § 46-18-225, MCA, but rather to insure that in the appropriate case the District Court gives real consideration to . . . a sentence other than imprisonment." *State v. Weisweaver*, 2010 MT 198, ¶ 15, 357 Mont. 384, 239 P.3d 952. In *State v. Wilson*, 2011 MT 277, ¶ 35, 362 Mont. 416, 264 P.3d 1146, a sentencing court did not specifically address the § 46-18-225 criteria but did address a number of concerns related to the criteria, such as likelihood of reoccurrence, prior criminal history, and the likelihood of correctional or rehabilitative

8

success. Because those facts spoke directly to the § 46-18-225 criteria, we held that formal reference to the statute would not have resulted in a different sentence. *Wilson*, ¶ 35.

¶21 We applied the same reasoning in *Weisweaver*, where the sentencing court failed to formally reference § 46-18-225 criteria and counsel did not object to that omission. *Weisweaver*, ¶¶ 6, 16. Because the sentencing court considered Weisweaver's criminal history, the severity of his addiction, and his need for intensive treatment, we concluded that the court gave "adequate consideration to the relevant circumstances . . . and to his susceptibility to alternative sentencing." *Weisweaver*, ¶ 16. Since further consideration of the § 46-18-225 criteria would not have resulted in a different sentence, the defendant could not show prejudice from counsel's failure to object on those grounds. *Weisweaver*, ¶¶ 19-20.

¶22 We conclude that Zink cannot show prejudice from Hinchey's failure to formally invoke § 46-18-225, MCA. Hinchey argued for a probationary sentence instead of imprisonment and pointed to facts relating to the § 46-18-225 criteria. Although Zink presented testimony on his good character from co-workers and the potential impact of Zink's imprisonment on his elderly parents, the District Court also considered evidence that Zink had previously been charged with partner assault on Elizabeth and that she feared harm from him in the future. The Pre-Sentence Investigation report indicated that Zink tried to justify and minimize his responsibility for the assault, and Zink testified at sentencing that his actions towards Elizabeth were simply a misunderstanding. During the oral pronouncement of sentence, the court specifically recognized the severity of Zink's crime. These facts all speak directly to the criteria in § 46-18-225(2), MCA. Nothing in the record indicates that the court failed to properly consider facts relevant to those criteria. Zink fails

9

to show how formal invocation of those criteria would have had any chance of success in changing the court's decision. Zink suffered no prejudice as a result of Hinchey's failure to invoke the statutory criteria in question, and therefore, his IAC claim fails the second prong of *Strickland*. Because this claim is easily disposed on *Strickland*'s second prong, we need not evaluate whether Hinchey's representation of Zink was deficient. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069; *Dawson*, ¶ 21.

## CONCLUSION

¶23    Zink was not simultaneously convicted on a lesser and greater offense, and has suffered no prejudice from his counsel's conduct at sentencing. Zink's conviction and sentence are affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ BETH BAKER