FILED

April 5 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0557

DA 14-0557

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 82N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

REBECCA MOOG,

      Defendant and Appellant.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDC 2012-174
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Chief Appellate Defender, James Reavis, Assistant
          Appellate Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
          Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney, Luke M. Berger,
          Deputy County Attorney, Helena, Montana

Submitted on Briefs: March 16, 2016

Decided: April 5, 2016

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    This case pertains to the sentencing of Rebecca Ann Moog ("Moog"). Moog was stopped while driving under the influence in Helena in early June 2012. The State charged Moog with a felony DUI on June 19, 2012. Moog pleaded guilty to the charge on April 5, 2013, but after receiving new counsel, she filed a motion to withdraw the guilty plea. The District Court denied her motion on December 4, 2013. At her sentencing hearing on June 12, 2014, Moog was sentenced to the Montana Department of Corrections for 13 months with a recommendation that she be enrolled in the WATCh program. Upon successful completion of the program the remainder of her sentence would be suspended. Moog appeals her sentence based on ineffective assistance of counsel ("IAC"). We affirm.

¶3    We review IAC claims to assess whether counsel's performance was deficient and whether the defendant was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In cases in which ineffective assistance claims are based on the record, they must be raised on direct appeal. *State v. Earl*, 2003 MT 158, ¶ 39, 316 Mont. 263, 71 P.3d 1201, 1208 (citing

2

*State v. White*, 2001 MT 149, ¶ 12, 306 Mont. 58, 30 P.3d 340). We review district court rulings on IAC claims for correctness, as they present mixed questions of law and fact. *State v. Zink*, 2014 MT 48, ¶ 9, 374 Mont. 102, 319 P.3d 596.

¶4 After pleading guilty to felony DUI, Moog was subject to the mandatory minimum sentence in § 61-8-731, MCA, which mandates a sentencing to the "department of corrections . . . [for] not less than 13 months." On appeal, Moog suggests that her alcohol dependency issues arose out of social pressure from her network in Helena and mental illness. Moog had been convicted of three DUIs in Montana. In an effort to change, Moog moved to Vancouver, Washington. She returned to Helena in 2012 to attend her step-father's funeral, which unsettled her. Moog consumed alcohol and drove her vehicle until she was stopped. Ultimately, Moog pleaded guilty to felony DUI.

¶5 Given the emotional duress Moog was under, she contends that she lost the opportunity to receive a more lenient sentence because her counsel did not argue the applicability of § 46-18-222, MCA, at sentencing. Section 46-18-222, MCA, states in relevant part that mandatory minimums otherwise prescribed in statutes do not apply in cases in which, at the time of the commission of the offense, the "offender's mental capacity[] was significantly impaired" or "the offender . . . was acting under unusual and substantial duress."

¶6 While counsel did not argue that § 46-18-222, MCA, should apply to felony DUI, she did argue for an alternative placement in Moog's current hometown and based that argument upon statutory and constitutional grounds. She presented evidence that Moog was undergoing outpatient psychiatric care for bipolar disorder, that her alcohol

3

dependence is in remission, and disruption of the current treatment would cause her functioning to deteriorate. She also presented evidence that Moog was a single mother, gainfully employed, and could afford to pay for future treatment.

¶7      Moog must show that her attorney's representation fell below an objective standard of reasonableness and that her counsel's deficient performance prejudiced her. *Strickland*, 466 U.S. at 688-89, 104 S. Ct. 2064; *Zink*, ¶ 18. There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Strickland*, 466 U.S. at 690, 104 S. Ct. 2064; *see also Whitlow v. State*, 2008 MT 140, ¶ 31, 343 Mont. 90, 105, 183 P.3d 861, 871.

¶8      Moog argues on appeal that § 46-18-222, MCA, is applicable to felony DUI sentences and her counsel was therefore deficient in not advancing that argument at the sentencing hearing. However, § 46-18-222, MCA, was not clearly available in this case. This Court has not held that § 46-18-222, MCA, applies to felony DUIs. Further the felony DUI statute (§ 61-8-731(7), MCA) explicitly states which Title 46, MCA, sentencing provisions apply, and § 46-18-222, MCA, is not listed. Thus since neither current case law nor the Montana Code explicitly apply § 46-18-222, MCA, to felony DUIs we cannot concur that Moog's counsel was unreasonable in believing that it was inapplicable in this case.

¶9      "[T]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S. Ct. 1, 6 (2003); *Whitlow*, ¶ 14. Counsel's decision to not focus her argument on the applicability

4

of § 46-18-222, MCA, is not sufficient to adjudicate her performance as deficient. Moog has not met the heavy burden required to establish that counsel was deficient in representing her at sentencing. As Moog does not satisfy the first element of our analysis for determining whether she received ineffective counsel, we do not reach the second part of the analysis. *Zink*, ¶ 18.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT