Chief Justice Mike McGrath delivered the Opinion of the Court.
***391 ¶1 Brian Keith Walter appeals from a July 19, 2016 Thirteenth Judicial District Court judgment sentencing him to five years in the Montana State Prison. We reverse.
¶2 We restate the issue on appeal as follows:
Was Walter prejudiced by ineffective assistance of counsel?
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On July 16, 2015, the State charged Brian Keith Walter with Criminal Possession of Dangerous drugs, a felony, in violation of § 45-9-102(6), MCA (2015); Criminal Possession of Drug Paraphernalia, a misdemeanor, in violation of § 45-10-103, MCA ; and Obstructing a Peace Officer, a misdemeanor, in violation of § 45-7-302, MCA. Walter eventually *24 pleaded guilty to all three charges without entering into a plea agreement.
¶4 The State sought to have Walter sentenced as a Persistent Felony Offender ("PFO") pursuant to §§ 46-18-501 and -502, MCA (2015), which include mandatory minimum sentencing guidelines.[1] Defense ***392 counsel argued in a sentencing memorandum that the PFO statutes were inapplicable because a more specific statute, § 45-9-102(7), MCA (2015), controlled over the general PFO statutes. Section 45-9-102(7), MCA (2015), presumes that a first-time drug offender is entitled to a deferred sentence. Accordingly, defense counsel recommended imposition of a deferred sentence.
¶5 The State argued that the mandatory minimum PFO sentence was compulsory because the prerequisites had been met and, in the State's view, the only available exception to the PFO sentence, § 46-18-222, MCA, was inapplicable. The State asserted that Walter "must be incarcerated for at least five years" pursuant to the PFO statute.
¶6 The District Court heard argument as to whether the PFO sentence was mandatory for Walter, or whether there was legal authority allowing for sentencing discretion. The District Court considered the question to be a "novel legal issue" and noted:
I do not think that there is a Montana Supreme Court case on point in this situation. Typically, someone on a first offense drug possession charge is entitled to a deferred imposition of sentence; in this scenario, the Defendant had a prior felony, and the State has filed a PFO designation in this case. The two statutes are certainly in conflict. They are distinguishable from the DUI statutes which specifically prohibit a deferred sentence on a DUI, however, I understand the analysis that both of you have used in Damon ,[2] and the State in the other two cited cases.
¶7 The District Court continued: "I think legally that with a PFO designation, I'm required to follow the PFO statute. ... What is really interesting in this case is that the PSI [presentence investigation report] writer recommends a DOC [Department of Corrections] sentence which the PFO statute doesn't allow me to give you." Defense counsel interjected that the District Court may be able to impose a DOC sentence, "I think you can, Your Honor, at least consider it because we've done it."
¶8 The District Court paused the proceedings to consult the PFO statute then concluded:
***393 Mr. Walter, this is the law, and I'm required to follow the law as it's written at this time. That doesn't mean that I don't wish you the best, and that I hope in the screening process as you get into the prison, I certainly hope that you can be placed in a treatment program immediately. I hope that they don't make you serve the amount of time that they typically do before those kind of programs become available to you because what you need is treatment, and you have demonstrated in the past that after you've had treatment and when you are in a structured program that you do well.
¶9 The District Court then sentenced Walter to five years in the Montana State Prison for Criminal Possession of Dangerous Drugs, in accordance with the PFO statute's mandatory minimum sentence, imposed two six-month sentences to run concurrently for the other two charges, and fined Walter $1,000.
STANDARD OF REVIEW
¶10 Claims of ineffective assistance of counsel are mixed questions of law and fact which this Court reviews de novo.
*25 St. Germain v. State , 2012 MT 86, ¶ 7, 364 Mont. 494, 276 P.3d 886.
DISCUSSION
¶11 Was Walter prejudiced by ineffective assistance of counsel?
¶12 On appeal, Walter argues that his defense counsel's failure to cite to § 45-9-202, MCA, and its application in State v. Brendal , 2009 MT 236, 351 Mont. 395, 213 P.3d 448, amounted to ineffective assistance of counsel that prejudiced the outcome of the sentencing hearing. We agree.
¶13 The Sixth and Fourteenth Amendments to the United States Constitution, and Article II, Section 24 of the Montana Constitution, guarantee individuals the right to counsel in criminal prosecutions. St. Germain , ¶ 8 ; U.S. Const. amend. VI ; U.S. Const. amend. XIV ; Mont. Const. art. II, § 24. "The right to counsel is the right to the effective assistance of counsel." Strickland v. Washington , 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984) (quoting McMann v. Richardson , 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) ). To evaluate counsel's effectiveness, we follow the principles delineated in Strickland . State v. Brown , 2011 MT 94, ¶ 12, 360 Mont. 278, 253 P.3d 859. Pursuant to Strickland , the defendant must demonstrate that his or her counsel's performance was deficient and that the deficient performance prejudiced the defendant. Strickland , 466 U.S. at 687, 104 S.Ct. 2052.
¶14 Counsel's performance is deficient if it falls below an objective ***394 standard of reasonableness measured under prevailing professional norms and considering the surrounding circumstances. Brown , ¶ 12. The defendant must overcome a strong presumption that counsel's actions were within a broad range of reasonable professional assistance. Brown , ¶ 12. The defendant must also demonstrate prejudice by showing a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. Brown , ¶ 12 ; State v. Weisweaver , 2010 MT 198, ¶ 9, 357 Mont. 384, 239 P.3d 952. Claims of ineffective assistance of counsel must be grounded on facts in the record and not on mere conclusory allegations. St. Germain , ¶ 8.
¶15 Walter established that his counsel's performance fell below the objective standard of reasonableness. "An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under Strickland ." Hinton v. Alabama , 571 U.S. 263, 274, 134 S.Ct. 1081, 1089, 188 L.Ed.2d 1 (2014). Walter's counsel failed to cite both the Alternative Sentencing Authority statute ("ASA statute"), § 45-9-202, MCA, and Brendal , a pivotal opinion interpreting the interrelationship between the ASA and PFO statutes. In Brendal , this Court held that even if the State pursues PFO sentencing, and the defendant meets the PFO designation, the District Court maintains the authority to sentence under the ASA statute if it finds that incarceration is inappropriate. Brendal , ¶ 31. Here, the District Court proceeded to sentencing uninformed of these fundamental authorities, evidenced by the District Court's beliefs that there was no "Montana Supreme Court case on point in this situation" and that the issue presented was "novel." Defense counsel's oversight typifies the unreasonable performance discussed in Strickland and Hinton .
¶16 Walter established that there is a reasonable probability that, but for his counsel's errors, he would have received a deferred or reduced sentence. The record reflects that the District Court wanted to avoid sentencing under the PFO statutes and sought to prioritize treatment for Walter over incarceration. The District Court was also perplexed by the PSI recommendation for a DOC placement when the PFO statutes only allowed for a state prison sentence. The District Court briefly recessed to research whether it had discretion to bypass the PFO five-year mandatory minimum sentence. Mistakenly, the District Court believed that application of the PFO statute was mandatory and ruminated: "At this point I can't help but say it is time for some changes in the statutes. I hope that the Justice Reassessment *26 Project will take a look at this as far as drug offenses go and come up with ***395 something that perhaps is different." Had Walter's counsel brought the ASA statute and Brendal to the District Court's attention, there is reasonable probability that Walter would have received a different sentence.
¶17 We do not need to address Walter's argument that the District Court improperly imposed multiple information technology user surcharges because the State concedes that the fees were incorrectly calculated.
CONCLUSION
¶18 For the foregoing reasons, we conclude that Walter's attorney provided ineffective assistance of counsel by failing to cite § 45-9-202, MCA, and Brendal , and that Walter was prejudiced as a result. We therefore reverse and remand this matter to the District Court for resentencing with effective counsel and with instructions to strike the $30 user surcharge and impose only one $10 user surcharge pursuant to § 3-1-317(1)(a), MCA.
¶19 Reversed and remanded for resentencing.
We Concur:
JAMES JEREMIAH SHEA, J.
LAURIE McKINNON, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.

Section 46-18-501, MCA, has since been repealed. References to §§ 46-18-501 and -502, MCA, are to the 2015 statutes, which were in place at the time Walter was sentenced. Dexter v. Shields, 2004 MT 159, ¶ 13, 322 Mont. 6, 92 P.3d 1208 (holding that the statutes in effect at the time of the offense will be applied at sentencing).

The District Court is referring to State v. Damon , 2005 MT 218, 328 Mont. 276, 119 P.3d 1194. In Damon , this Court held that the PFO statutes applied to an individual convicted of his fourth DUI. Defense counsel attempted to distinguish Damon and argued that unlike the DUI statute, § 45-9-102(7), MCA (2015), specifically includes a presumption in favor of a deferred sentence.