FILED

09/21/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0091

DA 20-0091

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 239

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MARY DARLEAN WRIGHT,

Defendant and Appellant.

APPEAL FROM: District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DC 18-68
Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Alexander H. Pyle, Assistant Appellate
Defender, Helena, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Bree Gee, Assistant Attorney
General, Helena, Montana

Kent M. Sipe, Fergus County Attorney, Jean Adams, Deputy County
Attorney, Lewistown, Montana

Submitted on Briefs: July 28, 2021

Decided: September 21, 2021

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Defendant and Appellant Mary Darlean Wright (Wright) appeals from the October 11, 2019 Sentencing Order and Judgment issued by the Tenth Judicial District Court, Fergus County, which imposed a four-year suspended sentence for her convictions for Criminal Possession of Dangerous Drugs (CPDD), a felony; CPDD - Marijuana, a misdemeanor; and Criminal Possession of Drug Paraphernalia (CPDP), a misdemeanor, following a jury trial.

¶2 We address the following restated issue on appeal:

*Whether Wright received ineffective assistance of counsel when her counsel, while arguing for a deferred sentence, failed to inform the District Court of its authority to impose an alternative sentence under § 45-9-202, MCA.*

¶3 We reverse and remand for resentencing.

### FACTUAL AND PROCEDURAL BACKGROUND

¶4 In October of 2018, pursuant to a search warrant, officers from the Fergus County Sheriff's Department conducted a search of Wright's residence. Officers found both drugs and drug paraphernalia in the residence. Wright was arrested and ultimately charged with two felony counts of CPDD, one misdemeanor count of CPDD, and one misdemeanor count of CPDP. One of the felony CPDD charges was dismissed before trial. After a two-day jury trial, Wright was convicted of the three remaining charges. The District Court thereafter ordered a presentence investigation report (PSI). On August 14, 2019, the PSI was filed in this matter. Relevant to the present appeal, the PSI disclosed that Wright was previously convicted of a non-drug-related felony in Texas in 1995. The author of the PSI,

Probation and Parole Officer Bonnie Boettger (PO Boettger), wrote in the PSI that she "believes that Defendant is ineligible for a deferred sentence."

¶5 The District Court held a sentencing hearing on September 12, 2019. PO Boettger was unavailable and did not testify at the hearing. With no witnesses from either side, the court proceeded directly to recommendations from the parties. Relevant to this appeal, the State asked for a five-year commitment to the Montana Department of Corrections (DOC), with no time suspended, on the felony CPDD conviction. Wright asked for a three-year deferred sentence on the felony CPDD conviction. The District Court then reminded counsel for Wright that the PSI stated she was not eligible for a deferred sentence and asked if she disagreed with that conclusion. Counsel for Wright pointed the District Court to § 46-18-201(1)(b), MCA, which states that the "imposition of sentence in a felony case may not be deferred in the case of an offender who has been convicted of a felony on a prior occasion, whether or not the sentence was imposed, imposition of the sentence was deferred, or execution of the sentence was suspended," and argued the language of "may not be deferred" was permissive, rather than mandatory, such that the court would have the discretion to impose a deferred sentence under that statute. The State responded that Wright was not eligible for a deferred sentence under § 46-18-201(1)(b), MCA, and the exceptions found in § 46-18-222, MCA, and objected to the request for a deferred sentence.

¶6 The District Court then pronounced its sentence in this case: a four-year DOC commitment, with all four years suspended, for the felony CPDD charge; a $250 fine, with

3

$200 suspended, on the misdemeanor CPDD charge; and six months in the county jail, with six months suspended, on the misdemeanor CPDP charge. Wright appeals.

## STANDARD OF REVIEW

¶7 Ineffective assistance of counsel claims are mixed questions of law and fact which we review de novo. *State v. Larsen*, 2018 MT 211, ¶ 6, 392 Mont. 401, 425 P.3d 694 (citing *State v. Jefferson*, 2003 MT 90, ¶ 42, 315 Mont. 146, 69 P.3d 641).

## DISCUSSION

¶8 *Whether Wright received ineffective assistance of counsel when her counsel, while arguing for a deferred sentence, failed to inform the District Court of its authority to impose an alternative sentence under § 45-9-202, MCA.*

¶9 "Article II, Section 24, of the Montana Constitution and the Sixth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, guarantee a defendant the right to effective assistance of counsel." *Larsen*, ¶ 7 (citing *State v. Kougl*, 2004 MT 243, ¶ 11, 323 Mont. 6, 97 P.3d 1095). In assessing ineffective assistance of counsel claims, we apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Kougl*, ¶ 11. Under the *Strickland* test, the defendant must (1) demonstrate that "counsel's performance was deficient or fell below an objective standard of reasonableness" and (2) "establish prejudice by demonstrating that there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Kougl*, ¶ 11 (quoting *State v. Turnsplenty*, 2003 MT 159, ¶ 14, 316 Mont. 275, 70 P.3d 1234).

4

¶10 When a defendant raises ineffective assistance of counsel claims on direct appeal, we must first determine whether the claims are more appropriately addressed in a postconviction relief proceeding. *Larsen*, ¶ 8 (citing *Kougl*, ¶ 14). "[A] record which is silent about the reasons for the attorney's actions or omissions seldom provides sufficient evidence to rebut" the strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct. *State v. Sartain*, 2010 MT 213, ¶ 30, 357 Mont. 483, 241 P.3d 1032 (citing *State v. White*, 2001 MT 149, ¶ 13, 306 Mont. 58, 30 P.3d 340). Ineffective assistance of counsel claims are appropriate for review on direct appeal, however, when "no plausible justification" exists for the actions or omissions of defense counsel. *Kougl*, ¶ 15 (citing *Jefferson*, ¶ 50).

¶11 On appeal, Wright argues she received ineffective assistance of counsel at her sentencing hearing when her counsel argued for a deferred sentence and then, when asked by the District Court to give authority for her eligibility for a deferred sentence, pointed the court to a statute which would make her ineligible for a deferred sentence, rather than to the Alternative Sentencing Authority (ASA), § 45-9-202, MCA. The State, in response, claims that Wright's ineffective assistance of counsel claim is not appropriate for review on direct appeal, and, if this Court chooses to review the claim on direct appeal, that Wright has not demonstrated prejudice.

¶12 We first address the State's contention that Wright's claim of ineffective assistance of counsel is not appropriate for review on direct appeal because the record does not demonstrate "why" Wright's counsel did not raise the ASA during sentencing. In a case

such as this, it is unnecessary to ask "why" in the first instance, because this is the "relatively rare situation where there is 'no plausible justification' for what defense counsel did." *Kougl*, ¶ 15. When there is "no plausible justification" for the actions of counsel, the claim is appropriate for review on direct appeal. *State v. Fender*, 2007 MT 268, ¶ 10, 339 Mont. 395, 170 P.3d 971 (quoting *Jefferson*, ¶ 50).

¶13 After the PSI indicated Wright was not eligible for a deferred sentence, Wright and her counsel nevertheless arrived at the sentencing hearing to argue for a deferred sentence. Wright was convicted of felony CPDD, in violation of § 45-9-102, MCA. Typically, judges have discretion to defer sentences, even for felonies, *see* § 46-18-201(1)(a), MCA, and for first-offense felony CPDD charges, an offender is "presumed to be entitled to a deferred imposition of sentence of imprisonment." § 45-9-102(4), MCA (2017).[1] An important exception to this discretionary scheme is found in § 46-18-201(1)(b), MCA, which states, "[e]xcept as provided in 46-18-222, imposition of sentence in a felony case may not be deferred in the case of an offender who has been convicted of a felony on a prior occasion, whether or not the sentence was imposed, imposition of the sentence was deferred, or execution of the sentence was suspended."[2] When called upon by the District

---

[1] Since renumbered as § 45-9-102(3), MCA.

[2] Section 46-18-222, MCA, provides for exceptions to mandatory minimum sentences, restrictions on deferred imposition and suspended execution of sentence, and restrictions on parole eligibility. None of the exceptions found in § 46-18-222(1)-(6), MCA, are implicated in this case.

Court to provide support for the claim Wright was eligible for a deferred sentence, counsel for Wright responded:

> Your Honor I believe Ms. Boettger indicated that she did not think she was eligible. There is a felony that is 20 plus years in Mary Wright's past and I have reviewed the statutes and you know I find the [c]ourt's ability, the statu[t]es regarding the sentences that may be imposed contained in 46-18-201 use the term "may". The [c]ourt may sentence in a felony case may not be deferred. I interpret that language as being permissive to the [c]ourt. It does not say shall or must and I would request the [c]ourt use the discretion regarding this sentence.

¶14 Counsel for Wright's argument before the District Court that the language "may not be deferred" in § 46-18-201(1)(b), MCA, is permissive, rather than mandatory, is clearly incorrect. *See Van Der Hule v. Mukasey*, 2009 MT 20, ¶ 11, 349 Mont. 88, 217 P.3d 1019 ("[C]ourts that have construed legislative use of the phrase 'may not' have consistently held that the phrase is mandatory."). Under § 46-18-201(1)(b), MCA, then, the District Court would not have discretion to defer Wright's sentence. As this was the only statute cited by Wright's counsel at sentencing, her client had no real opportunity to receive a deferred sentence.

¶15 Section 46-18-201(1)(b), MCA, is not the only statute regarding Wright's eligibility for a deferred sentence in this case, however. Unmentioned by Wright's counsel was the ASA, which provides that a "person convicted of a dangerous drug felony offense under this chapter may, in lieu of imprisonment, be sentenced according to the alternatives provided in subsection (2)." Section 45-9-202(1), MCA. The ASA statute further provides that when a "court determines, either from the face of the record or from a presentence

investigation and report, that incarceration of the defendant is not appropriate, the court may, as a condition of a suspended *or deferred* sentence, impose" certain conditions. Section 45-9-202(2), MCA (emphasis added).

¶16 We interpret statutes to give effect to the Legislature's intent, and construe them as a whole to avoid absurd results. *State v. Brendal*, 2009 MT 236, ¶ 18, 351 Mont. 395, 213 P.3d 448. "In situations where general and specific statutes exist and the two cannot be harmonized to give effect to both, the specific statute controls." *Brendal*, ¶ 18 (citing *State v. Oie*, 2007 MT 328, ¶ 17, 340 Mont. 205, 174 P.3d 937). In *Brendal*, we were called upon to determine whether the ASA could be applied when the State sought to sentence Brendal as a persistent felony offender (PFO). The relevant language of the PFO statute stated, "[e]xcept as provided in 46-18-222, the imposition or execution of the first 5 years of a sentence imposed under subsection (1) of this section or the first 10 years of a sentence imposed under subsection (2) of this section may not be deferred or suspended." *Brendal*, ¶ 3 (quoting § 46-18-502(3), MCA). We held that, even though the PFO statutes provide for imprisonment once a PFO designation has been made, a district court retained its discretion to issue a sentence which did not provide for imprisonment under the ASA because the ASA was the more specific statute and requiring imprisonment, in a situation where a district court found incarceration was not appropriate, defeated the purpose of the ASA. *Brendal*, ¶¶ 27-31. Ultimately, we determined "the PFO statutes do not preclude a district court from providing an alternative sentence under the ASA statute for an individual

convicted of a drug-related offense in Title 45, chapter 9, provided the required criteria to impose an alternative sentence are satisfied." *Brendal*, ¶ 32.

¶17 Since *Brendal*, we have reiterated that courts retain the ability to suspend or defer sentences under the ASA, even when a defendant has been designated as a PFO, which carries a mandatory minimum term of imprisonment. *Larsen*, ¶ 17; *State v. Walter*, 2018 MT 292, ¶ 15, 393 Mont. 390, 431 P.3d 22. The State argues the "may not be deferred" provision of § 46-18-201(1)(b), MCA, is not in conflict with the ASA, because a district court could sentence under the ASA to a suspended sentence. We are not persuaded by this argument, because we have held that, when a court determines incarceration for a violation of Title 45, chapter 9, MCA, is inappropriate, it may sentence a defendant "according to the alternatives" provided in the ASA. *Larsen*, ¶ 17. The ASA statute provides that a district court may issue a "suspended or deferred sentence." Section 45-9-202(2), MCA. And, more specifically, we have previously found ineffective assistance of counsel when a defendant's attorney did not cite the ASA or *Brendal* when arguing for a deferred sentence in the face of the PFO statutes' mandatory minimum term of imprisonment. *Walter*, ¶ 15. We found in that case that the defendant established "a reasonable probability that, but for his counsel's errors, he would have received *a deferred* or reduced sentence." *Walter*, ¶ 16 (emphasis added). It would lead to absurd results if we accepted the State's argument regarding § 46-18-201(1)(b), MCA, as it would lead to a situation where defendants with multiple prior felonies, such that they were eligible to be sentenced as a PFO, could receive deferred sentences under the ASA and our caselaw,

9

while those with only a single felony could not. Importantly, *Brendal, Larsen*, and *Walter* establish that a defendant who is a PFO and who would therefore *not* qualify for a deferred sentence under § 46-18-201(1)(b), MCA, because he or she has at least one or more felonies, may nonetheless, under the ASA, still receive a suspended or deferred sentence. It would be an illogical result if a PFO defendant could receive a deferred sentence under the ASA, while Wright, with a single conviction 24 years ago when she was 19, could not.

¶18 "An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*." *Walter*, ¶ 15 (quoting *Hinton v. Alabama*, 571 U.S. 263, 274, 134 S. Ct. 1081, 1089 (2014)). With the ASA, along with this Court's prior decisions in *Brendal*, *Larsen*, and *Walter*, providing authority for Wright to seek a deferred sentence under the ASA, there is "no plausible justification" for Wright's counsel's failure to direct the District Court to the ASA, rather than to § 46-18-201(1)(b), MCA, when making her sentence recommendation. As such, counsel's performance was deficient.

¶19 The State argues that, even if she can prove her counsel was deficient for not directing the District Court to the ASA, Wright cannot prove she suffered the prejudice prong of the *Strickland* test. In support of this assertion, the State argues Wright could have actually received a higher sentence under the ASA than the one given to her in this case. We are not persuaded by this argument. The State argues the District Court could

10

have imposed more onerous restrictions on Wright as conditions of a deferred sentence under the ASA than she actually received in her suspended sentence in this case. True, though she also could have received more onerous conditions on her sentence under § 46-18-201, MCA, the statute her counsel wrongly cited to, than she actually did. With the District Court allowed to impose essentially similar conditions under the ASA as it could under § 46-18-201(1)(b), MCA, her counsel did nothing to protect Wright from facing more onerous conditions than she actually received in this case, but simply took the option of receiving a deferred sentence off the table by failing to alert the District Court to the ASA.

¶20 Given that Wright's prior felony was very remote (occurring over 24 years prior to sentencing in this case), not drug-related, and the District Court's sentence was rehabilitative in nature—the court rejected the State's request for a DOC incarceration commitment—with primary intervention designed toward evaluation and treatment of a likely substance use disorder rather than punishment, certainly there was a reasonable probability the court would have deferred imposition of sentence if it believed such was an available alternative. While we cannot say whether or not the District Court would have indeed given Wright a deferred, rather than suspended, sentence in this case, we determine she "has demonstrated 'a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.'" *Larsen*, ¶ 19 (quoting *Kougl*, ¶ 11); *see also Walter*, ¶ 16. Her counsel's deficient performance therefore prejudiced her during sentencing, and she is entitled to a new sentencing hearing. *See Larsen*, ¶ 19.

## CONCLUSION

¶21    Wright received ineffective assistance of counsel at sentencing when her attorney, while arguing in favor of a deferred sentence, failed to cite to the ASA as authority for her eligibility for a deferred sentence.

¶22    Reversed and remanded for resentencing.


/S/ INGRID GUSTAFSON


We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR